1
2
3
4
5
6
7        **UNITED STATES DISTRICT COURT**
8        **NORTHERN DISTRICT OF CALIFORNIA**
9        **SAN FRANCISCO DIVISION**
10
11   BRYANT KEITH BROWN,                    Case No. 13-cv-02762 NC
12              Plaintiff,                  **ORDER OF SERVICE**
13        v.
14   W. HOLLAND,
15              Defendant.
16
17                    **INTRODUCTION**
18        Plaintiff Bryant Keith Brown, an inmate at Salinas Valley State Prison (SVSP), filed
19   a pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is granted leave to proceed in
20   forma pauperis in a separate order.  For the reasons stated below, the Court serves
21   Plaintiff's claims on Defendant Officer W. Holland.  The Court will review Plaintiff's
22   complaint in a separate written Order.
23                    **DISCUSSION**
24   **I. Standard of Review**
25        A federal court must engage in a preliminary screening of any case in which a
26   prisoner seeks redress from a governmental entity or officer or employee of a
27   governmental entity.  28 U.S.C. § 1915A(a).  In its review the court must identify any
28   cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a

1  claim upon which relief may be granted, or seek monetary relief from a defendant who is

2  immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  Pro se pleadings must be liberally

3  construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

4      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

5  the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

6  the statement need only 'give the defendant fair notice of what the . . . . claim is and the

7  grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

8  omitted).  Although in order to state a claim a complaint "does not need detailed factual

9  allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

10 relief' requires more than labels and conclusions, and a formulaic recitation of the elements

11 of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to

12 relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

13 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to

14 relief that is plausible on its face."  *Id.* at 570.

15     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:

16 (1) that a right secured by the Constitution or laws of the United States was violated and

17 (2) that the violation was committed by a person acting under the color of state law.  *West*

18 *v. Atkins*, 487 U.S. 42, 48 (1988).

19 **II. Plaintiff's Allegations**

20     In his complaint, Plaintiff alleges the following.  Plaintiff has a serious mobility

21 impairment due to his Parkinson's disease.  He has been issued an accommodation chrono

22 for the use of safety devices such as a cane and waist chains.

23     On January 11, 2013, Officer Holland was escorting another inmate back to the cell

24 he shares with Plaintiff, when he told Plaintiff to turn around and move to the food/cuff

25 port to be handcuffed.  Plaintiff informed Officer Holland that he needed his safety devices

26 and showed Officer Brown the accommodation chrono.  However, Officer Holland ignored

27 the accommodation chrono and again told Plaintiff to turn around and "cuff up" at the

28 food/cuff port.  Plaintiff did as he was told and Officer Holland hand-cuffed him.

As the cell door was opening, Plaintiff had trouble turning around and backing up as his cellmate walked into the cell. Plaintiff told Officer Holland that he was having trouble with his balance. Plaintiff lost his balance and footing, which caused him to lunge forward out of the cell and his left shoulder struck Officer Holland's safety vest. Officer Holland then hand-cuffed Plaintiff behind his back, took hold of his elbow, grabbed the back of his neck and slammed Plaintiff to the floor. Plaintiff's chest hit the cement floor, knocking the wind out of him. Plaintiff's head and face hit the floor, causing him excruciating pain.

While Plaintiff was in a prone position and handcuffed, Officer Holland told him to stop resisting. Plaintiff told Officer Holland that he was not resisting, that he suffers from Parkinson's disease and that Officer Holland was hurting him. Officer Holland ignored Plaintiff's statements and pushed down on Plaintiff's back causing Plaintiff to experience excruciating pain.

Medical staff arrived, picked Plaintiff up off the floor and took him to get medical treatment. Plaintiff suffered an abrasion on his forehead, reddened areas to his chest, back of neck, behind his left ear and back. His left eye became bruised and swollen. Plaintiff began to experience bad headaches, blurred vision and neck and back spasms. Plaintiff also started coughing and vomiting up blood. Plaintiff is also being seen by mental health staff because he is experiencing emotional distress and having problems sleeping.

Based on these allegations, Plaintiff asserts claims against Officer Holland for deliberate indifference to Plaintiff's serious medical needs and for excessive force.

**III. Claims**

**A. Deliberate Indifference to Serious Medical Needs**

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Indifference may appear when prison

officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison officials provide medical care. *McGuckin v. Smith*, 974 F.2d 1050, 1062 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

Liberally construed, the complaint states a cognizable § 1983 claim for deliberate indifference to Plaintiff's serious medical needs based on Officer's Holland's deliberate denial to Plaintiff of the accommodations he needs for his mobility impairment resulting from Parkinson's disease.

**B. Excessive Force**

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards. Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing Whitley v. Albers, 475 U.S. 312, 317 (1986)).

Liberally construed, the complaint states an Eighth Amendment excessive force claim against Officer Holland.

**CONCLUSION**

1.      Plaintiff has stated cognizable claims against Officer Holland for deliberate indifference to Plaintiff's serious medical needs and for use of excessive force.

2.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to Officer W. Holland. The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

//

1    3.    In order to expedite the resolution of this case, the Court orders as follows:

2    a.    No later than ninety (90) days from the date of this order, Defendant

3    shall serve and file a motion for summary judgment or other dispositive motion.  A motion

4    for summary judgment must be supported by adequate factual documentation and must

5    conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits

6    all records and incident reports stemming from the events at issue.  A motion for summary

7    judgment also must be accompanied by a Rand notice so that Plaintiff will have fair, timely

8    and adequate notice of what is required of him in order to oppose the motion.  *Woods v.*

9    *Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*,

10   154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary

11   judgment).  A motion to dismiss for failure to exhaust available administrative remedies

12   must be accompanied by a similar notice.  *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir.

13   2012); *Woods*, 684 F.3d at 935 (notice requirement set out in *Wyatt v. Terhune*, 315 F.3d

14   1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to

15   exhaust available administrative remedies).

16   If Defendant is of the opinion that this case cannot be resolved by summary

17   judgment or other dispositive motion, he shall so inform the Court prior to the date his

18   motion is due.  All papers filed with the Court shall be served promptly on Plaintiff.

19   b.    Plaintiff must serve and file an opposition or statement of non-

20   opposition to the dispositive motion not more than twenty-eight (28) days after the motion

21   is served and filed.

22   c.    Plaintiff is advised that a motion for summary judgment under Rule 56

23   of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you

24   what you must do in order to oppose a motion for summary judgment.  Generally,

25   summary judgment must be granted when there is no genuine issue of material fact – that

26   is, if there is no real dispute about any fact that would affect the result of your case, the

27   party who asked for summary judgment is entitled to judgment as a matter of law, which

28   will end your case.  When a party you are suing makes a motion for summary judgment

Case No. 13-cv-02762 NC
ORDER GRANTING IN FORMA          5
PAUPERIS STATUS

that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154 F.3d at 962-63 (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by Defendant in his motion to dismiss.  *Wyatt*, 315 F.3d at 1120 n.14.  You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters stated therein.  In considering a motion to dismiss for failure to exhaust, the Court can decide disputed issues of fact with regard to this portion of the case.  *Stratton*, 697 F.3d at 1008-09.

(The *Rand* and *Wyatt*/*Stratton* notices above do not excuse Defendant's obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

//

Case No. 13-cv-02762 NC
ORDER GRANTING IN FORMA
PAUPERIS STATUS

6

1          d.     Defendant must serve and file a reply to an opposition not more than

2    fourteen (14) days after the opposition is served and filed.

3          e.     The motion shall be deemed submitted as of the date the reply is due.

4    No hearing will be held on the motion unless the Court so orders at a later date.

5        4.     Discovery may be taken in accordance with the Federal Rules of Civil

6    Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local

7    Rule 16 is required before the parties may conduct discovery.

8        5.     All communications by Plaintiff with the Court must be served on Defendant,

9    or Defendant's counsel once counsel has been designated, by mailing a true copy of the

10   document to Defendant or Defendant's counsel.

11       6.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

12   Court informed of any change of address by filing a separate paper with the Clerk headed

13   "Notice of Change of Address," and must comply with the Court's orders in a timely

14   fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

15   pursuant to Federal Rule of Civil Procedure 41(b).

16   IT IS SO ORDERED.

17   Date: July 15, 2013

18   Nathanael M. Cousins
     United States Magistrate Judge