

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT KEITH BROWN,<br>Plaintiff,<br>v.<br>W. HOLLAND,<br>Defendant.<br>_____/ | No. C 13-2762 NC (PR)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; DENYING DEFENDANT'S MOTION TO STAY DISCOVERY**<br><br>(Docket Nos. 20, 23, 26) |

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), filed a pro se civil rights action under 42 U.S.C. § 1983 alleging violation of his constitutional rights by SVSP correctional officer W. Holland. Specifically, plaintiff alleges that defendant Holland, despite being notified of plaintiff's Parkinson's disease, used excessive force while handcuffing plaintiff and knocked plaintiff to the floor, resulting in pain and injury. The Court screened the complaint and found plaintiff had stated cognizable claims for excessive force and deliberate indifference to plaintiff's serious medical needs.

Defendant has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In response, plaintiff has filed a motion for leave to file an amended complaint, which defendant opposes. Also before the Court is defendant's motion to stay discovery pending ruling on the motion to dismiss.

## BACKGROUND

I. **Plaintiff's Allegations**

In his complaint, plaintiff alleges the following:

Plaintiff has a serious mobility impairment due to his Parkinson's disease. (Compl. at 4.) He has been issued an accommodation chrono for the use of safety devices such as a cane and waist chains. (Id.)

On January 11, 2013, defendant was escorting plaintiff's cellmate back to their cell, when defendant told plaintiff to turn around and move to the food/cuff port to be handcuffed. (Id. at 5.) Plaintiff informed defendant that he needed his safety devices and showed defendant the accommodation chrono. (Id.) However, defendant ignored the accommodation chrono and again told plaintiff to turn around and "cuff up" at the food/cuff port. (Id.) Plaintiff did as he was told, and defendant hand cuffed him. (Id.)

As the cell door was opening, plaintiff had trouble turning around and backing up as his cellmate walked into the cell. (Id.) Plaintiff told defendant that he was having trouble with his balance. (Id.) Plaintiff lost his balance and footing, causing him to lunge forward out of the cell, and his left shoulder struck defendant's safety vest. (Id.) Defendant then hand cuffed plaintiff behind his back, took hold of his elbow, grabbed the back of his neck and slammed plaintiff to the floor. (Id. at 6.) Plaintiff's chest hit the cement floor, knocking the wind out of him. (Id.) Plaintiff's head and face hit the floor, snapping his neck, and causing him excruciating pain. (Id.)

While plaintiff was in a prone position and handcuffed, defendant told him to stop resisting. (Id.) Plaintiff told defendant that he was not resisting, that he suffers from Parkinson's disease and that defendant was hurting him. (Id.) Defendant ignored plaintiff's statements and used his full body weight to push down on plaintiff's back causing plaintiff to experience excruciating pain. (Id.)

Medical staff arrived, picked plaintiff up off the floor and took him to get medical treatment. (Id. at 7.) Plaintiff suffered an abrasion on his forehead and reddened areas to his back, chest, neck, and behind his left ear. (Id.) His left eye became bruised and swollen. (Id.) Plaintiff began to experience bad headaches, blurred vision and neck and back spasms. (Id.) Plaintiff also started coughing and vomiting up blood. (Id.) Plaintiff is also being seen by mental health staff because he is experiencing emotional distress and having problems sleeping. (Id.)

In its order of service, the Court concluded that, liberally construed, plaintiff asserted cognizable claims against defendant Holland for excessive force and for deliberate

2

indifference to plaintiff's serious medical needs.

## II. Plaintiff's Rules Violation and Loss of Credits

When an inmate's behavior is considered a violation of law, it is reported on a CDC Form 115, Rules Violation Report. Cal. Code Regs. tit. 15, § 3312(a)(3). Rules violation reports ("RVRs") are classified as either "administrative" or "serious." Cal. Code Regs. tit. 15, § 3313. Inmates who receive a serious rules violation are given a disciplinary hearing. Cal. Code Regs. tit. 15, § 3315(b). Inmates with a determinate prison sentence, or inmates with an indeterminate sentence with a minimum eligible parole date, who are found guilty of a serious rule violation, forfeit disciplinary credits ranging from 1 to 360 days. See Cal. Code Regs. tit. 15, § 3323.

Plaintiff received a serious RVR for the January 11, 2013 incident related to this lawsuit. (Def.'s Req. Jud. Not. ("RJN"), Ex. A at AG000001-05.)[1] After a disciplinary hearing, review of the evidence and investigation, and statements by plaintiff and defendant, plaintiff was found guilty of committing a battery on defendant, under California Code of Regulations title 15, section 3005(b)(1). (Id.) The Senior Hearing Officer ("SHO") stated his findings as follows:

> A finding of GUILTY is based on the information in the RVR, wherein Correctional Officer W. Holland reported that while escorting Inmate HAMILTON (J-34840, B3-116U) from Facility B Medical Clinic, back to his assigned cell in B3, Inmate BROWN (D-96267, B3-116L), was instructed to move to the Food/Cuff Port, in order to place him in restraints. Once Inmate BROWN was in restraints, the cell door was opened and as Inmate HAMILTON was walking into the cell, Inmate BROWN came out of the cell, leaning forward and with his left shoulder, ran into Officer Holland, striking his left shoulder. Officer Holland immediately took hold of BROWN's right elbow and shirt collar, then utilized his body weight to force BROWN to the floor. Officer Holland maintained a hold of Inmate BROWN as he resisted by twisting his body left and right. Inmate BROWN was released upon the arrival of responding staff. Although Inmate BROWN pled not guilty and stated, "It was an accident. After I was hand cuffed I lost my balance. I didn't have my cane, and I was hand cuffed with my hands behind my back," he failed to provide any evidence to dispute the written report. Furthermore, his statement that he lost his balance does not explain his resistive behavior upon being forced to the ground. Based on the aforementioned, SHO finds there is sufficient evidence to substantiate the charge and had no alternative but to

---

[1] Good cause appearing, and no objection having been filed thereto, defendant's Request for Judicial Notice (Dkt. No. 21), is GRANTED.

3

render an appropriate and justifiable finding of GUILTY.

(Id. at AG000004.) The Court notes that, according to the RVR, plaintiff did request his doctor as a witness at the hearing. (Id. at AG000003.) The SHO denied the request on the ground that the doctor was not present at the time of the incident. (See id.)

As a result of the guilty finding, plaintiff lost 150 days of behavioral credits. (Id.) Plaintiff is serving a determinate prison sentence at SVSP. (RJN, Ex. B.)

## DISCUSSION

### I. Motion to Dismiss

Dismissal is proper where the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim to relief that is plausible on its face." Id. at 570. The court must accept as true all material allegations in the complaint, but it need not accept as true "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). Federal courts are particularly liberal in construing allegations made in pro se civil rights complaints. See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

### A. Heck Favorable Termination Rule

Defendant argues that plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994). In Heck the United States Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

4

expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Id. at 486-87. A claim for damages arising from a conviction or sentence that has not been so invalidated is not cognizable under section 1983. Id.

This rule extends to prison-disciplinary hearings where good-time credits are affected. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis added); see also Edwards v. Balisok, 520 U.S. 641, 648 (1997) (holding due process challenge to a disciplinary hearing that resulted in the deprivation of time credits was barred by Heck). The rationale behind this extension is that a favorable judgment would necessarily imply the invalidity of the inmate's good-time credit forfeiture, and thus his continued confinement. Balisok, 520 U.S. at 645-46.

The Ninth Circuit has made clear that Heck does not bar all excessive force actions. See Hooper v. County of San Diego, 629 F.3d 1127, 1132-33 (9th Cir. 2011). The plaintiff in Hooper pled guilty to resisting a peace officer under Cal. Penal Code § 148(a)(1) after struggling against an officer attempting to arrest her for possession of methamphetamine. 629 F.3d at 1129. Once the plaintiff was on the ground and had her hands behind her back, she stopped struggling. Id. Thereafter, the arresting officer summoned his German Shepherd, and the dog attacked the plaintiff's head. Id.

At issue on appeal was "the basic Heck question – whether success in [the plaintiff's] § 1983 claim that excessive force was used during her arrest 'would necessarily imply or demonstrate the invalidity' of her conviction" under state law. Id. at 3d at 1132-33 (quoting Smith v. City of Hemet, 394 F.3d 689, 695 (9th Cir. 2005)). The court concluded that it would not, reasoning that "[a] defendant might resist a lawful arrest, to which the arresting officers might respond with excessive force to subdue him" and "[t]he subsequent use of excessive force would not negate the lawfulness of the initial arrest attempt, or negate the

5

unlawfulness of the criminal defendant's attempt to resist it." Id. at 1132 The court explained that even "[t]hough occurring in one continuous chain of events, two isolated factual contexts would exist, the first giving rise to criminal liability on the part of the criminal defendant, and the second giving rise to civil liability on the part of the arresting officer." Id.

The Ninth Circuit thus held that a conviction for resisting arrest "does not bar a § 1983 claim for excessive force under Heck when the conviction and the § 1983 claim are based on different actions during 'one continuous transaction.'" Id. at 1134. Applying that principle to the facts before it, the Hooper court determined that the plaintiff's § 1983 excessive force claim was not Heck-barred based on her conviction for resisting a peace officer under California law. Id.

Although Hooper concerned a conviction under California Penal Code § 148(a)(1), the reasoning of the case leads this Court to doubt that plaintiff's rules violation under California Code of Regulations title 15, section 3005(b)(1) would pose a Heck bar to his excessive force and deliberate indifference claims. Here, as in Hooper, plaintiff has alleged a factual scenario that would potentially allow for his § 1983 claims to coexist with his prison disciplinary finding. As was the case in Hooper, defendant's restraint of plaintiff was effected in one continuous chain of events, involving two separate factual predicates, the first giving rise to plaintiff's disciplinary infraction, and the second giving rise to defendant's potential civil liability. Accepting all of the factual allegations in the complaint as true and construing them in plaintiff's favor, plaintiff has plausibly alleged that defendant acted with excessive force and deliberate indifference in violation of § 1983. Because plaintiff could thus prevail on his § 1983 claims without implying the invalidity of plaintiff's prison disciplinary infraction, Heck does not apply, and defendant's motion to dismiss the action as Heck-barred is DENIED.

**B.      Punitive Damages**

Defendant makes a conclusory argument that plaintiff has failed to sufficiently allege a basis for punitive damages. Punitive damages may be awarded against defendant if

plaintiff establishes that defendant had an evil motive or intent, or that his actions involved a reckless or callous indifference to plaintiff's constitutional rights. See Dang v. Cross, 422 F.3d 800, 807 (9th Cir. 2005). The Court has already found in its order of service that plaintiff's allegations, when liberally construed, sufficiently allege that defendant's actions involved a reckless or callous indifference to one or more of plaintiff's constitutional rights. Defendant submits no authority to undermine such a finding. Accordingly, defendant's motion to dismiss plaintiff's punitive damages claim is DENIED.

### C.  Qualified Immunity

Defendant's final argument is that he is entitled to qualified immunity. The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The rule of qualified immunity protects "'all but the plainly incompetent or those who knowingly violate the law.'" Saucier v. Katz, 533 U.S. 194, 202 (2001)[2] (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)). Officials can have a "reasonable, but mistaken," belief about what the law requires in any given situation. Saucier, 533 U.S. at 206. "Therefore, regardless of whether the constitutional violation occurred, the [official] should prevail if the right asserted by the plaintiff was not 'clearly established' or the [official] could have reasonably believed that his particular conduct was lawful." Romero v. Kitsap County, 931 F.2d 624, 627 (9th Cir. 1991).

Here, plaintiff has adequately alleged an Eighth Amendment deliberate indifference claim as to his serious medical needs and an Eighth Amendment excessive force claim. On this motion, the Court must accept all of the factual allegations in the complaint as true and construe them in plaintiff's favor. During the time period of the alleged acts, an inmate's right to be free from deliberate indifference to his serious medical needs was clearly established by existing case law. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Similarly,

---

[2] Overruled on other grounds by Pearson v. Callahan, 555 U.S. 223, 236 (2009).

7

the law was unmistakable that the use of excessive force by correctional officers on a prisoner was a violation of the Eighth Amendment. See Whitley v. Albers, 475 U.S. 312, 319 (1986).

The question, however, of whether defendant could reasonably have believed that his conduct was lawful in the situation he confronted is more properly resolved on a motion for summary judgment, when defendant is entitled to present evidence on his behalf and the Court may properly consider such evidence. See, e.g., Morley v. Walker, 175 F.3d 756, 761 (9th Cir. 1999) (affirming district court's denial of a dismissal motion on grounds of qualified immunity because court's review was confined only to contents of complaint). Accordingly, the Court DENIES WITHOUT PREJUDICE defendant's alternative argument that he is entitled to qualified immunity.

## II.     Motion for Leave to File Amended Complaint

Plaintiff has filed a motion for leave to file an amended complaint. (Dkt. No. 26.) He has included a proposed amended complaint with the motion. The only difference between the original complaint and the proposed amended complaint is that plaintiff now seeks to add a claim against defendant under § 504 of the Rehabilitation Act. (Id. at 2.) Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794(a), as subsumed under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 provides that "[n]o otherwise qualified individual with a disability . . . be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." The elements of a claim under the RA are that: (1) the plaintiff is a handicapped person under the RA; (2) he is otherwise qualified; (3) the relevant program receives federal financial assistance; and (4) the defendants impermissibly discriminated against him on the basis of the handicap. See Bonner v. Lewis, 857 F.2d 559, 562-63 (9th Cir. 1988). The Act is applicable to state prisons receiving federal financial assistance. See Armstrong v. Wilson, 124 F.3d 1019, 1022-23 (9th Cir. 1997); Bonner, 857 F.2d at 562

In the proposed amended complaint, plaintiff reiterates his allegations that defendant forced him to submit to handcuffs and forced him to the ground with knowledge of his

medical condition and in violation of his medical chrono. "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." Simmons v. Navajo Cnty, Ariz., 609 F.3d 1011, 1022 (9th Cir. 2010). Even accepting as true that plaintiff has a disability, no action he attributes to defendant indicates discrimination based on a disability.

Further, plaintiff has not named a proper defendant for a claim under Title II of the ADA and § 504 of the RA. The proper defendant is the public entity responsible for the alleged discrimination. See Everson v. Leis, 556 F.3d 484, 501 & n.7 (6th Cir. 2009) (collecting cases). But cf. Eason v. Clark County School Dist., 303 F.3d 1137, 1145 (9th Cir. 2002) (declining to decide the issue). Title II of the ADA does not provide for suit against a public official acting in his individual capacity. Everson, 556 F.3d at 501 & n.7. A plaintiff also cannot assert a claim under § 1983 against defendants in their individual capacities to vindicate rights created by the ADA and RA. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002). Here, the proper defendant for an ADA and RA claim would be the CDCR or the prison as the entity that allegedly denied plaintiff his rights under the ADA and RA.

For the foregoing reasons, this Court declines to accept plaintiff's proposed amended complaint for filing. Accordingly, plaintiff's motion for leave to amend is DENIED.

## CONCLUSION

For the reasons set forth above,

1. Defendant's motion to dismiss is DENIED.

2. Plaintiff's motion for leave to file an amended complaint is DENIED.

3. Defendant's motion to stay discovery pending ruling on the motion to dismiss is DENIED as moot.

4. In order to expedite the resolution of this case, the Court orders as follows:

 a. No later than **ninety-one (91)** days from the date this order is filed, defendant must file a motion for summary judgment. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d

934, 939 (9th Cir. 2012) (notice requirement set out in <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). If defendant is of the opinion that this case cannot be resolved by summary judgment, he must so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court must be promptly served on plaintiff.

      b.    Plaintiff's opposition to the summary judgment motion, if any, must be filed with the Court and served upon defendant no later than **twenty-eight (28)** days from the date the motion is filed.

      c.    Defendant must file a reply brief no later than **fourteen (14)** days after the date the opposition is filed.

      d.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

This Order terminates Docket Nos. 20, 23, and 26.

IT IS SO ORDERED.

DATED: 3/28/2014

NATHANAEL M. COUSINS
United States Magistrate Judge